UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

RECEIVED

In re:

PRESTON BYRON KNAPP
MICHELLE NICHOLE KNAPP

**MAR 05 2026**

Case No. 25-41644-WJF

TIME: _____

CLERK, U.S. BANKRUPTCY COURT
MINNEAPOLIS, MINNESOTA

Debtor(s)

Chapter 7

## DEBTORS' PROPOSED FINDINGS OF FACT

Preston Byron Knapp and Michelle Nichole Knapp, debtors pro se, respectfully submit these Proposed Findings of Fact in response to the Court's order following the hearings on the United States Trustee's Motion to Dismiss held on January 28, 2026, and February 6, 2026. Debtors submit these findings in good faith to preserve a clear paper record, to reaffirm the testimony and examination already presented, and to reduce to writing certain means-test numbers that were presented orally at the hearings.

**Reaffirmation of Hearing Record**

1.  Debtors reaffirm all testimony they provided at the January 28, 2026, and February 6, 2026 hearings, including the examination of the United States Trustee's witness, through which debtors embedded their factual and legal positions in the questioning.

2. Debtors' positions and factual assertions as stated on the record fully respond to the United States Trustee's Motion to Dismiss and are not withdrawn or altered by these written proposed findings; they are instead restated and clarified here for the Court's convenience.

**Evidence of Income and Expenses**

3. The United States Trustee's Exhibits 6 through 11 are the debtors' recent federal tax returns, which were admitted into evidence and show $0 income for the relevant tax periods for both debtors. These returns corroborate the debtors' testimony that they have no current income. Debtors' Exhibit A, pages 4–7, consists of proof-of-mailing documentation for the tax returns underlying UST Exhibits 6–11, demonstrating that those returns were timely filed with IRS.

4. The United States Trustee's Exhibit 30 consists of the debtors' bankruptcy forms filed on or about September 9, 2025, which were later amended on October 27, 2025. Exhibit 30 reflects the income figures that underlie the debtors' original means-test calculation, which did not include any alleged post-petition bonus.

5. The United States Trustee's Exhibit 31 consists of the debtors' most recent filed forms as of October 27, 2025, including updated Schedule I and related means-test forms, and those documents reflect $0 current income for both debtors as of that filing date. This is consistent with the $0 income shown on the tax returns in Exhibits 6–11.

6. The United States Trustee's Exhibit 37 consists of a detailed itemization of the debtors' household expenses, which the debtors prepared and provided to the United States Trustee on January 2, 2026, in good faith as part of pre-hearing discovery in this matter.

**Means-Test Scenario 1 – Original No-Bonus Filing**

7. The first means-test scenario is the version originally filed by the debtors (using the income figures reflected in UST Exhibit 30 as of the September 9, 2025 filing, as amended October 27, 2025), which did not include any alleged post-petition bonus. This scenario uses Official Forms 122A-1 and 122A-2 and calculates current monthly income under 11 U.S.C. § 101(10A) based on the six-month lookback period preceding the petition date, without any post-petition events.

8. When the income in Exhibit 30 is combined with allowed deductions under the IRS National and Local Standards and other necessary expenses similar to those itemized in UST Exhibit 37, the resulting 60-month disposable income is below the thresholds that would create a presumption of abuse under 11 U.S.C. § 707(b)(2).

**Means-Test Scenario 2 – Hypothetical "Bonus" Version**

9. The second means-test scenario is a hypothetical model that assumes, solely for argument's sake, the alleged post-petition bonus described in UST Exhibit 37, pages 11 and 12. Those pages lay out the UST's view of a "bonus" or variable income component that the debtors dispute as a basis for dismissal but that is included in this hypothetical for completeness.

10. Even if the alleged bonus from Exhibit 37, pages 11–12, is imputed into current monthly income, application of the same IRS Standard and actual expense categories reflected in Exhibit 37 still produces little or no positive disposable income over the 60-month period. Under this hypothetical "worst case" scenario, debtors' disposable income remains insufficient to trigger a presumption of abuse under § 707(b)(2).

**Means-Test Scenario 3 – Current $0-Income Reality**

11. The third means-test scenario corresponds to the debtors' most recent filings and to the evidence admitted as UST Exhibits 6–11 and 31, all of which show $0 current income. In this scenario, current monthly income is $0, and therefore there is no positive figure from which to subtract means-test expenses.

12. Given that current monthly income is $0 under Exhibits 6–11 and 31, the detailed expenses in Exhibit 37 and the IRS Standard deductions become effectively moot for purposes of the § 707(b)(2) presumption analysis, because subtracting any level of reasonable expenses from $0 cannot produce a positive disposable income figure. Under this scenario, there can be no presumption of abuse.

**Overall Means-Test Conclusion**

13. Considering all three scenarios—(1) the original no-bonus filing based on Exhibit 30 income; (2) the hypothetical inclusion of the alleged bonus in Exhibit 37, pages 11–12; and (3) the current $0-income reality documented in Exhibits 6–11 and 31 and supported by Exhibit 37 expenses—debtors do not have meaningful positive disposable income under the Chapter 7

means test. In none of these scenarios does 60-month disposable income exceed the statutory thresholds that would support a presumption of abuse under 11 U.S.C. § 707(b)(2).

14. The evidence admitted at the hearings therefore supports a finding that there is no presumption of abuse and that dismissal under § 707(b)(2) is not warranted on the basis of the means test.

15. Complete written calculations for each of the three means-test scenarios described above are attached as an exhibit to this filing for the Court's convenience.

Dated: March 5, 2026

Respectfully submitted,

/s/ Preston Byron Knapp
Preston Byron Knapp, Joint Debtor 1
2624 N Saunders Lake Dr
Minnetrista, MN 55364
(262) 496-8083
pknapp5@gmail.com

/s/ Michelle Nichole Knapp
Michelle Nichole Knapp, Joint Debtor 2
2624 N Saunders Lake Dr
Minnetrista, MN 55364
(540) 931-5682
michellenknapp@gmail.com

Case 25-41644   Doc 136   Filed 03/05/26   Entered 03/05/26 12:03:21   Desc Main Document   Page 6 of 7

| FORM 122 LINE | | SCENARIO 1 | SCENARIO 2 | SCENARIO 3 | NOTES |
|---|---|---|---|---|---|
| | | CMI from Debtors' Forms filed 9/9/25, UST Exhibit 30, plus all expenses as per UST Exhibit 37 | Same as Scenario 1 but with alleged post-petition bonus added to line 4 matching UST exhibit 42 page 1 | Per Debtors' Forms Filed 10/27/26, UST Exhibit 31; supported by UST exhibits 6-11 Debtors' Tax returns | |
| 4 | Current Monthly Income | $15,022.21 | $17,138.88 | $0.00 | |
| 6 | Food, etc. | $2,523.00 | $2,523.00 | — | |
| 7g | Health | $420.00 | $420.00 | — | |
| 8 | Home Ops | $869.00 | $869.00 | — | See note line 10 below. |
| 10 | Local Standard Adjustment | $2,374.85 | $2,374.85 | — | According to UST Exhibit 37, pages 13, 15, and 16, the Debtors' actual combined monthly expenses for home energy, property taxes, and insurance total $3,255.04. Of this amount, $880.19 is attributable to home energy costs, which exceeds the IRS standard of $869.00 by $11.19. The remaining $2,374.85 per month represents unavoidable property tax and insurance obligations that must be recognized as "other necessary expenses" under Line 10 in order to accurately reflect the Debtors' true financial circumstances. This treatment is consistent with the testimony of witness Sibenaller, the Debtors, and is also supported by UST Exhibit 37. Accordingly, the combined total of $3,255.04 should be properly accounted for across Lines 8, 10, and 28 of the means test. |
| 14 | Public Transportation | $244.00 | $244.00 | — | |
| 16 | Taxes | $3,855.00 | $3,855.00 | — | |
| 18 | Life Insurance | $39.76 | $39.76 | — | |
| 22 | Additional Health Care | $1,594.96 | $1,594.96 | — | Aligned with UST amounts that support the CMI period, page 1 UST Exhibit 42. |
| 24 | Total IRS Allowed | $11,920.57 | $11,920.57 | — | |
| 25 | Health Accounts | $42.66 | $42.66 | — | |
| 28 | Additional Home Energy | $11.19 | $11.19 | — | See note line 10 above. |
| 29 | Education Expenses | $540.40 | $540.40 | — | Per Form limit is $214.58 per child, actual expenses are $540.40 per UST Exhibit 37, pages 36-37. |
| 32 | Total Additional Expneses | $594.25 | $594.25 | — | |
| 33e | Total Average Mortgage | $4,910.69 | $4,910.69 | — | |
| 34 | Monthly Cure | $1,123.10 | $1,123.10 | — | |
| 37 | Total Debt Payments | $6,033.79 | $6,033.79 | — | |
| | Copy line 24 | $11,920.57 | $11,920.57 | — | |
| | Copy line 32 | $594.25 | $594.25 | — | |
| | Copy line 37 | $6,033.79 | $6,033.79 | — | |
| 38 | Total Deductions | $18,548.61 | $18,548.61 | — | |
| | Copy line 4 | $15,022.21 | $17,138.88 | — | |
| | Copy line 38 | $18,548.61 | $18,548.61 | — | |
| | Monthly Disposable Income | -$3,526.40 | -$1,409.73 | — | |
| 39 | Total | -$211,584.00 | -$84,583.80 | Either $0.00 or negative | |
| | | PASS | PASS | PASS | |

## CERTIFICATE OF SERVICE

We hereby certify that on March 5, 2026, Preston Byron Knapp, Joint Debtor 1, caused a true and correct copy of the foregoing DEBTORS' PROPOSED FINDINGS OF FACT to be filed with the United States Bankruptcy Court, District of Minnesota, located at:

301 Diana E. Murphy United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Subsequently, after the Court filed the document, a true and correct copy was served electronically through the Court's CM/ECF system on all parties registered to receive electronic notice in this case, including the Office of the United States Trustee and all other registered participants.

/s/ Preston Byron Knapp
Preston Byron Knapp, Joint Debtor 1
2624 N Saunders Lake Dr
Minnetrista, MN 55364
(262) 496-8083
pknapp5@gmail.com

/s/ Michelle Nichole Knapp
Michelle Nichole Knapp, Joint Debtor 2
2624 N Saunders Lake Dr
Minnetrista, MN 55364
(540) 931-5682
michellenknapp@gmail.com