**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

PRESTON BYRON KNAPP,
MICHELLE NICHOLE KNAPP,

        Debtors.

Case No. 25-41644
Chapter 7

**ORDER**

This case is before the Court on the U.S. Trustee's Motion to Dismiss Chapter 7 Case for Abuse under Section 707(b). Dkt. No. 49. On June 30, 2026, the Court gave an oral rendering of its decision. The Court then filed its findings of fact and a list of sources cited. Dkt. Nos. 142, 143. To the extent the Court makes factual findings in this order and summary of decision (or in its June 30, 2026 oral rendering), such findings are incorporated therein. This order incorporates those findings and sources, as well as the Court's reasoning as stated on the record at the June 30, 2026 oral rendering. A summary of the Court's reasoning is included here.

**SUMMARY OF DECISION**

The UST argues the case should be dismissed for three reasons. First, a presumption of abuse arises under the means test, and the Debtors fail to overcome that presumption. See 11 U.S.C. § 707(b)(2). Second, the Debtors' petition was filed in bad faith. See § 707(b)(3)(A). Third, the totality of the circumstances shows abuse. See § 707(b)(3)(B). The Court agrees that the case should be dismissed or converted for all three reasons.

**I.      Abuse Exists Under Section 707(b)(2) And The Means Test.**

A presumption of abuse arises under the means test for three reasons. First, half of Mr. Knapp's August 2025 annual bonus was "derived during" the current monthly income (CMI)

lookback period. See In re Robrock, 430 B.R. 197, 204 (Bankr. D. Minn. 2010). This increases the Debtors' CMI by $2,116.67. Second, the Debtors had a household size of four as of the petition date. This decreases the Debtors' deductible expenses for food and clothing, as well as housing and utilities. Third, the Debtors improperly deducted certain healthcare and education expenses. This also decreases the Debtors' deductible expenses. As a result, a presumption of abuse arises under the means test because the Debtors have $1,291.88 in monthly disposable income. § 707(b)(2). A presumption of abuse still arises even if the Court assumes a household size of five because the Debtors would still have $883.88 in monthly disposable income. See Exhibit A: Means Test Calculations (attached to Findings of Fact).

In either case, the Debtors fail to rebut that presumption of abuse because they fail to establish any special circumstances that justify additional expenses or income adjustments. See § 707(b)(2)(B)(i). Therefore, the case must be dismissed or converted under Section 707(b)(2).

## II.       Abuse Exists Under Section 707(b)(3)(A) For Bad Faith.

Abuse also exists because the Debtors' petition was filed in bad faith. See § 707(b)(3)(A). The Debtors may have some legitimate reasons for seeking bankruptcy relief, but they have attempted in bad faith—to the point of deception—to ensure that such relief comes through a no-asset Chapter 7. The timing of the Debtors' filing, the Debtors' manipulation of their income and expenses, and the Debtors' failure to disclose certain assets all show bad faith.

The Debtors filed this case on May 21, 2025. Findings of Fact ¶ 2.  At that time, Ms. Knapp was pregnant, and the Debtors also had a five-year-old child and a two-year-old child. Findings of Fact ¶ 11. Mr. Knapp also was just over two months away from receiving an annual bonus that he had received during every full year of work for Harbor Freight—a bonus that was a virtual certainty. Findings of Fact ¶ 97–103. Had the Debtors filed after their third child was born in

December, the Debtors could have claimed a household size of five for purposes of the means test. However, the Debtors then would also have had to disclose the bonus received in August (as it had been each year since 2022). Instead, the Debtors filed in May and claimed a household size of five anyway (which increases their deductible expenses under the means test). The Debtors then argued the bonus was irrelevant. The Debtors testified that they did not know claiming a larger household size would be beneficial, but that testimony was not credible—no one admits to manipulating the bankruptcy process. Findings of Fact ¶ 5–10. Moreover, the Debtors are intelligent individuals who clearly devote time and research to their filings. Findings of Fact ¶ 11. The Debtors filed in May 2025 to avoid having to include the August 2025 bonus that the Debtors knew Mr. Knapp would receive. Findings of Fact ¶ 106. Therefore, these circumstances surrounding the timing of the Debtors' filing show bad faith in seeking Chapter 7 relief.

The Debtors' representation of their income and assets also shows bad faith. For example, the Debtors amended Schedules I and J multiple times to decrease income and increase expenses. Findings of Fact ¶¶ 22–27; 44–46. On October 27, 2025, the Debtors amended their Schedule I to show no income for 2023 and 2024. See Findings of Fact ¶¶ 26–27. This is flatly contradicted by the testimony of Mr. Scheetz and by the Debtors' W-2 forms. See Findings of Fact ¶¶ 79, 84, 86, 92, 97. Although these actions occurred post-petition, the Debtors clearly understood the means test and made every effort to represent (and misrepresent) their finances to avoid a presumption of abuse under the means test. Findings of Fact ¶ 57. This shows bad faith.

The Debtors' failure to disclose certain assets also constitutes bad faith. The Debtors failed to disclose a lawsuit, a counterclaim, and Venmo and Cash App accounts on their initial schedules. Findings of Fact ¶¶ 72–74. The Debtors also failed to disclose substantial tax refunds that the Debtors believed they were owed. Findings of Fact ¶¶ 75, 78. The Debtors made every effort to

avoid having nonexempt assets available to creditors. Findings of Fact ¶ 95. These omissions are additional evidence of bad faith.

All the Debtors' actions demonstrate an attempt to preserve a standard of living above what the Debtors can afford while also refusing to pay creditors what the Debtors can afford to pay. Granting Chapter 7 relief here would be an abuse of the bankruptcy process. This warrants dismissal or conversion under Section 707(b)(3)(A).

### III. Abuse Exists Under Section 707(b)(3)(B) And The Totality Of The Circumstances.

Abuse also exists under the totality of the circumstances. See § 707(b)(3)(B). Even if the August 2025 bonus was not "derived during" the CMI lookback period and the Debtors' petition was not filed in bad faith, granting Chapter 7 relief would be an abuse of the bankruptcy process. The totality of the circumstances test allows courts to respond appropriately to cases that do not fall neatly within the categories of the means test or bad faith. Here, the Debtors' filing was not precipitated by an unforeseen catastrophic event. Moreover, the Debtors have a stable source of income that would enable them to make meaningful payments to creditors through another chapter of the Bankruptcy Code, especially if the Debtors reduce excessive or unreasonable expenses. This also warrants dismissal or conversion under Section 707(b)(3)(B).

Even if the Debtors' case was not dismissed or converted, the Debtors' actions and omissions might affect their eligibility for a discharge under Section 727. See 11 U.S.C. § 727(a). The deadline for objecting to the Debtors' discharge has not passed. The Court is not making any determination here regarding the Debtors' eligibility to receive a discharge. However, continuing in Chapter 7 and being denied a discharge almost certainly would be a worse outcome for the Debtors than converting or refiling, as non-discharged debts can never be discharged in bankruptcy.

Lastly, the Court will not impose the bar from refiling that the UST requests. The Debtors are not serial filers and should have an opportunity, if they so choose, to refile in good faith or make meaningful payments to creditors through another chapter of the Bankruptcy Code. Further, if the Debtors suffered a significant loss of income, dismissal could allow for a later filing that might qualify for Chapter 7 relief under the means test. And, if in that case the Debtors file schedules based on the law, and not on their beliefs, a discharge might be possible.

## CONCLUSIONS OF LAW

1. A presumption of abuse arises under Section 707(b)(2), and the Debtors have not met their burden of rebutting that presumption. This warrants dismissal or conversion.

2. The Debtors' bad faith constitutes abuse under Section 707(b)(3)(A) and, therefore, warrants dismissal or conversion.

3. The totality of the circumstances demonstrates that the granting of relief under Chapter 7 would be an abuse under Section 707(b)(3)(B) and, therefore, warrants dismissal or conversion.

**IT IS HEREBY ORDERED:**

1. The UST's motion is GRANTED.

2. This case is DISMISSED without prejudice.

3. The effective date of this Order is delayed fourteen (14) days to permit the Debtors to convert this case to another chapter of the Bankruptcy Code for which they are eligible.

4. The UST's request to bar the Debtors from filing for bankruptcy relief is denied.

**BY THE COURT:**

Dated: *July 2, 2026*

s/ William J. Fisher

William J. Fisher
United States Bankruptcy Judge